**GREENBERG TRAURIG, LLP**
Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
Adam M. Korn (SBN 333270)
*Adam.Korn@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Attorneys for Defendant
Talkdesk, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKKA LIEN and JAKE SEEVERS, individually and on behalf of all others similarly situated,<br><br>       *Plaintiffs*,<br><br>v.<br><br>TALKDESK, INC.,<br><br>       *Defendant*. | CASE NO.: 3:24-cv-06467-VC<br><br>Assigned to Hon. Vince Chhabria<br><br>**DEFENDANT TALKDESK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>[*Declaration of Pedro Andrade filed concurrently*]<br><br>Hearing Date: January 23, 2025<br>Time:    10:00 a.m.<br><br>Action Filed: September 13, 2024 |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on January 23, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Hon. Vince Chhabria in the United States District Court for the Northern District of California, Courtroom 4, located on the 17th Floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant Talkdesk, Inc. will and hereby does move for the court to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Talkdesk, Inc. moves to dismiss the Complaint filed by Rebekka Lien and Jake Seevers ("Plaintiffs") on the grounds that Plaintiffs have not plead a concrete harm under Article III, and because Plaintiffs fail to state a claim upon which relief may be granted. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Pedro Andrade, Talkdesk's Request for Judicial Notice, the pleadings and papers filed herein, and the argument of counsel at the time of any hearing.

## STATEMENT OF RELIEF SOUGHT

Talkdesk seeks an order dismissing Plaintiffs' Complaint in its entirety under Fed. R. Civ. P. 12(b)(1) because they fail to allege an Article III injury and under Fed. R. Civ. P. 12(b)(6) because Plaintiffs fail to allege sufficient facts to state a plausible claim under any theory alleged.

DATED:  November 18, 2024              GREENBERG TRAURIG, LLP


                              By:    /s/ Rebekah Guyon
                                   Rebekah S. Guyon
                                   Attorneys for Defendant Talkdesk, Inc.

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ................................................................................ 2

        A.      Plaintiffs And Their Claims ...................................................................... 2
        B.      Talkdesk's Software Is Used By Patagonia And Zumiez To
                Improve Their Own Customer Service Interactions ................................. 3

III.    PLAINTIFFS HAVE NOT SUFFERED ANY ARTICLE III INJURY-IN-
        FACT ................................................................................................................... 4

        A.      Standards For Dismissal Under Rule 12(b)(1)......................................... 4
        B.      Constitutional Requirements For Standing............................................... 5
        C.      Plaintiffs Have Not And Cannot Establish A Concrete Harm ................. 5

                1.      Plaintiffs Allege No Concrete Harm ............................................ 5
                2.      Talkdesk's Software Was Used Solely To Benefit
                        Patagonia And Zumiez................................................................. 9

IV.     PLAINTIFFS FAIL TO STATE A CLAIM ...................................................... 10

        A.      Standards For Dismissal Under Rule 12(b)(6)....................................... 10
        B.      Plaintiffs Fail To State A Claim Under CIPA Section 631 ................... 10

                1.      Plaintiffs' Section 631(a) Claim Fails Because Talkdesk's
                        Software Is Not a Third Party to Plaintiffs' Alleged
                        Communications with Patagonia or Zumiez............................. 10
                2.      Plaintiffs' Allegations Of An Interception Are Conclusory .... 13
                3.      Plaintiffs Fail To Allege Talkdesk's Willful Intent ................. 14
                4.      Plaintiffs Cannot State A Claim Under The Third Clause
                        Of Section 631 .......................................................................... 15

V.      CONCLUSION.................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Adams v. PSP Grp., LLC*,
　No. 4:22-CV-1210 RLW, 2023 WL 5951784 (E.D. Mo. Sept. 13, 2023)................................9

*Adler v. Community.com, Inc.*,
　No. 2:21-CV-02416-SB-JPR, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) .........................14

*Antman v. Uber Techs., Inc.*,
　No. 3:15-cv-01175-LB, 2015 WL 6123054 (N.D. Cal. Oct. 19, 2015)....................................7

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)...........................................................................................10, 12, 14

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)..................................................................................................10, 13

*In re BPS Direct, LLC*,
　705 F. Supp. 3d 333 (E.D. Pa. 2023) ......................................................................................7

*Byars v. Hot Topic, Inc.*,
　656 F. Supp. 3d 1051 (C.D. Cal. 2023) ...............................................................11, 12, 13

*Byars v. Sterling Jewelers, Inc.*,
　5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023)................................1, 7

*Clapper v. Amnesty Int'l USA*,
　133 S. Ct. 1138 (2013)...........................................................................................................7

*Clark v. Cal. Dep't of Forestry & Fire Prot.*,
　212 F. Supp. 3d 808 (N.D. Cal. 2016) .................................................................................10

*Cody v. Ring LLC*,
　2024 WL 735667 (N.D. Cal. Feb. 22, 2024) .......................................................................14

*Cook v. GameStop, Inc.*,
　689 F. Supp. 3d 58 (W.D. Pa. Aug. 28, 2023).......................................................................8

*Doe I v. Google LLC*,
　No. 23-CV-02431-VC, 2024 WL 3490744 (N.D. Cal. July 22, 2024)..............................2, 15

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
　895 F.3d 1166 (9th Cir. 2018) ...............................................................................................4

*In re Gilead Scis. Secs. Litig.*,
　536 F.3d 1049 (9th Cir. 2008) .......................................................................................10, 15

*In re Google Assistant Priv. Litig.*,
　457 F. Supp. 3d 797 (N.D. Cal. 2020) .................................................................................15

*Graham v. Noom, Inc.*,
　533 F. Supp. 3d 823 (N.D. Cal. 2021) ........................................................................2, 11, 12

*Hernandez v. Noom, Inc.*,
   No. 1:23-CV-00641-JRR, 2023 WL 8934019 (D. Md. Dec. 27, 2023) ..................................9

*I.C. v. Zynga, Inc.*,
   600 F. Supp. 3d 1034 (N.D. Cal. 2022) ..................................................................................8

*James v. Allstate Ins. Co.*,
   No. 3:23-CV-01931-JSC, 2023 WL 8879246 (N.D. Cal. Dec. 22, 2023) ........................12, 13

*Jayne v. Blunk*,
   502 F. App'x 641 (9th Cir. 2012) ..........................................................................................8

*Leite v. Crane Co.*,
   749 F.3d 1117 (9th Cir. 2014) ..............................................................................................4

*Licea v. American Eagle Outfitters*,
   659 F. Supp. 3d 1072 (C.D. Cal. 2023) ................................................................................13

*Lightoller v. Jetblue Airways Corp.*,
   2023 WL 3963823 (S.D. Cal. June 12, 2023) ................................................................6, 7, 8

*Love v. Ladder Fin., Inc.*,
   2024 WL 2104497 (N.D. Cal. May 8, 2024) ................................................................2, 11, 12

*Malibu Behavioral Health Servs. v. Magellan Healthcare, Inc.*,
   No. 2:20-cv-01731-ODW, 2020 WL 7646974 (C.D. Cal. Dec. 23, 2020) ...........................5, 6

*Martin v. Sephora USA, Inc.*,
   No. 22-CV-01355-JLT-SAB, 2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ....................2, 15

*Massie v. Gen. Motors LLC*,
   No. 21-787, 2022 WL 534468 (D. Del. Feb. 17, 2022) ..........................................................7

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021) .............................................................................10, 15

*Mikulsky v. Noom, Inc.*,
   682 F. Supp. 3d 855 (S.D. Cal. 2023) ...........................................................................6, 7, 8

*Moore v. United Parcel Serv., Inc.*,
   No. 18-CV-07600-VC, 2019 WL 2172706 (N.D. Cal. May 13, 2019) ...............................5, 6

*Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*,
   676 F.3d 829 (9th Cir. 2012) ..............................................................................................13

*Powell v. Union Pac. R.R. Co.*,
   864 F. Supp. 2d 949 (E.D. Cal. 2012) ..................................................................................11

*Raw Story Media, Inc. v. OpenAI, Inc.*,
   No. 24 CIV. 01514, 2024 WL 4711729 (S.D.N.Y. Nov. 7, 2024) ..........................................9

*Rosenow v. Facebook, Inc.*,
   2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ......................................................................13

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ...........................................................................................4, 9

*Scott v. Breeland*,
    792 F.2d 925 (9th Cir. 1986) ............................................................................4

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) .......................................................................................4, 5

*Straubmuller v. Jetblue Airways Corp.*,
    No. CV DKC 23-384, 2023 WL 5671615 (D. Md. Sept. 1, 2023) ...........................9

*Swarts v. Home Depot, Inc.*,
    689 F. Supp. 3d 732 (N.D. Cal. 2023) ...............................................................14

*Terenkian v. Republic of Iraq*,
    694 F.3d 1122 (9th Cir. 2012) .........................................................................6

*Toston v. JetBlue Airways Corp.*,
    No. 2:23-cv-01156-SVW-E, 2023 U.S. Dist. LEXIS 148675 (C.D. Cal. Aug. 23,
    2023) ...........................................................................................................8

*TransUnion LLC v. Ramirez*,
    549 U.S. 413 (2021)....................................................................................1, 5, 6

*Weisbusch v. Cnty. of L.A.*,
    119 F.3d 778 (9th Cir. 1997) ...........................................................................10

*Williams v. What If Holdings, LLC*,
    No. C 22-03780 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ...........11, 13

*Yale v. Clicktale, Inc.*,
    No. 20-CV-07575-LB, 2021 WL 1428400 (N.D. Cal. Apr. 15, 2021)....................11

*Zellmer v. Facebook, Inc.*,
    No. 3:18-cv-01880-JD, 2022 WL 16924098 (N.D. Cal. Nov. 14, 2022) .................5

*Zellmer v. Meta Platforms, Inc.*,
    104 F.4th 1117 (9th Cir. 2024) ....................................................................5, 10

*In re Zynga Priv. Litig.*,
    750 F.3d 1098 (9th Cir. 2014) ...........................................................................8

**State Cases**

*Rodriguez v. Fountain9, Inc.*,
    No. 24STCV04504, 2024 WL 3886811 (Cal. Super. Ct. July 09, 2024) .................9

**State Statutes**

Cal. Penal Code § 631............................................................................................1, 14

Cal. Penal Code § 631(a) .........................................................................................13

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs Rebekka Lien and Jake Seevers ("Plaintiffs") made one phone call each to clothing retailers Patagonia, Inc. ("Patagonia") and Zumiez, Inc. ("Zumiez"), respectively, regarding store hours, events, and/or merchandise. Compl. ¶¶ 59, 69. They claim that, on each call, Patagonia and Zumiez used Defendant Talkdesk, Inc.'s ("Talkdesk, Inc.") software to record and transcribe their conversations to improve and assist Plaintiffs' customer-service experience with Patagonia and Zumiez. *Id.* ¶¶ 22, 23, 55-74. It is Patagonia and Zumiez's alleged use of Talkdesk's software to record these innocuous conversations—involving *none* of Plaintiff's private or sensitive information—for the improvement of Patagonia and Zumiez's customer service that Plaintiffs contend is a violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631.

Plaintiffs' claim fails for multiple, independent reasons that no amendment can cure:

***First***, Plaintiffs cannot establish an Article III injury-in-fact necessary to maintain suit in federal court. A bare procedural violation of CIPA, without any accompanying harm, which is all that Plaintiffs allege, is insufficient. *TransUnion LLC v. Ramirez*, 549 U.S. 413 (2021). Plaintiffs have not alleged and cannot allege a harm from Talkdesk's mere acquisition of their routine customer-support inquiries. Facially, Plaintiffs do not allege that they disclosed "any sensitive information [on their calls], much less identify any specific personal information [they] disclosed that implicates a protectable privacy interest." *Byars v. Sterling Jewelers, Inc.*, 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023). Factually, Plaintiffs have suffered no concrete harm because Talkdesk has *never* used Plaintiffs' communications to improve or develop Talkdesk's products or services or to train its AI models as Plaintiffs claim. *See* Declaration of Pedro Andrade ("Andrade Decl.") ¶¶ 6-7. Plaintiffs, therefore, lack Article III standing.

***Second,*** setting aside the standing deficiencies, Plaintiffs' sole cause of action under CIPA fails because Talkdesk was a mere vendor of software that received information for Patagonia and Zumiez's benefit. Section 631 does not prohibit a party to a communication like Patagonia or

Zumiez from using a tool—Talkdesk's software—to record their own communication. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021). The only non-conclusory allegations in the Complaint concede that Talkdesk's software operated solely to benefit Patagonia and Zumiez—by helping them "'stay on top of customer issues,'" Compl. ¶ 33, "assist[ing] agents with transcriptions and responses in real time," *id.* ¶ 36, that help Patagonia and Zumiez "determine the reason for the call and how the caller is feeling during the call," *id.* ¶ 38. Plaintiffs allege that all of this was done to "help Talkdesk's business customers provide better customer service—all in real time." *Id.* ¶ 21. Case law makes clear that these allegations establish that Talkdesk's software was nothing more than a tool used by Patagonia or Zumiez to aid their own recording of their own customer communications, which is not actionable under CIPA § 631. *See, e.g., Love v. Ladder Fin., Inc.*, 2024 WL 2104497, at *1 (N.D. Cal. May 8, 2024) (Chhabria, J.) (holding no Section 631 claim where "all that has been plausibly alleged is that FullStory records and stores for Ladder's own use information that users have voluntarily shared with Ladder").

*Third*, Plaintiffs' claim under Section 631(a) fails because Plaintiffs' allegations of an interception while in transmission, and that Talkdesk acted intentionally or willfully to violate CIPA, are wholly conclusory. Compl. ¶¶ 38, 90, 91, 93; *see Doe I v. Google LLC*, No. 23-CV-02431-VC, 2024 WL 3490744, at *6 (N.D. Cal. July 22, 2024) (Chhabria, J.).

*Finally*, because Plaintiffs have no claims under CIPA Section 631(a), they fail to state a claim under Section 631(a)'s third clause, as well. *Martin v. Sephora USA, Inc*., No. 22-CV-01355-JLT-SAB, 2023 WL 2717636, at *12 (E.D. Cal. Mar. 30, 2023).

For these reasons, Talkdesk respectfully requests that the Court dismiss the Complaint in its entirety and deny leave to amend.

## II.   FACTUAL BACKGROUND

### A.   Plaintiffs And Their Claims

Plaintiffs allegedly called Patagonia—an outdoor clothing retailer—and Zumiez—an apparel store—within the last few months to discuss store hours, events, and product lines. *Id.* ¶¶ 59-69. Plaintiffs do not allege that they disclosed private or sensitive information on these calls, nor is it

plausible that they would do so given the general merchandise retailer nature of Patagonia's and Zumiez's businesses. Nor do Plaintiffs allege anything regarding the specific circumstances of each alleged call, other than that they took place "not in the presence of others." *Id.* ¶¶ 55-56.

Plaintiffs allege that during their calls, Patagonia and Zumiez recorded the calls using Talkdesk's "cloud-based call-center software provider solution called CX Cloud." *Id.* ¶ 13. The Complaint concedes that Talkdesk's software operated solely to benefit Patagonia and Zumiez. *Id.* ¶¶ 2, 21, 33, 36-38, 40, 41. For example, Plaintiffs allege that Talkdesk's software was used by Patagonia and Zumiez to help them "'stay on top of customer issues,'" Compl. ¶ 33, and to "assist agents with transcriptions and responses in real time," *id.* ¶ 36, that help Patagonia and Zumiez "determine the reason for the call and how the caller is feeling during the call," *id.* ¶ 38. Plaintiffs allege that all of this was done to "help Talkdesk's business customers provide better customer service—all in real time." *Id.* ¶ 21. Plaintiffs claim that they did not consent to Patagonia and Zumiez's use of Talkdesk's software. Compl. ¶¶ 57-58.

**B.      Talkdesk's Software Is Used By Patagonia And Zumiez To Improve Their Own Customer Service Interactions**

Talkdesk's Privacy Notice, quoted in the Complaint (Compl. ¶¶ 47, 48), makes clear that any data collected when "Talkdesk provides a cloud service and acts on behalf of its customers" "is under the customer's responsibility as is the definition of the categories of data subjects." Request for Judicial Notice ("RJN"), Ex. 1 at 12. Further, "Talkdesk restricts the collection of the information to the minimum amount required to provide its services," and "the data will be processed according to the purposes for which it was collected[—] . . . to provide the service of Contact Center as a Service and to support and troubleshoot issues reported by our customers." *Id.* at 13. "Talkdesk only uses data to provide the service agreed and according to customer instructions and Talkdesk does not sell the information its customers collect while using Talkdesk service . . . ." *Id.* at 15. "Therefore, the information that is collected by Talkdesk's customers when using Talkdesk's products is under [the] customer's responsibility . . . ." *Id.* at 12.

Consistent with its Privacy Notice, Talkdesk has never used communications from or with

Patagonia's or Zumiez's customers for any purpose other than providing the customer service software Patagonia and Zumiez purchased. Andrade Decl. ¶¶ 6, 7. "Talkdesk does not use, and has never used, transcriptions, content, or other data from its customer's communications with their own customers" to "enhance or develop products or services for Talkdesk's own benefit, whether the products involve the use of AI or not." *Id*. ¶¶ 5, 6. Accordingly, assuming that Plaintiffs called Patagonia or Zumiez while Patagonia or Zumiez was using Talkdesk's software, Talkdesk's software did not and has not used Plaintiffs' communications for Talkdesk's own benefit, including to improve or develop Talkdesk's own products or services or to train Talkdesk's AI models. *Id*.

## III.    PLAINTIFFS HAVE NOT SUFFERED ANY ARTICLE III INJURY-IN-FACT

### A.    Standards For Dismissal Under Rule 12(b)(1)

Plaintiffs, as "the part[ies] seeking to involve the jurisdiction" of an Article III federal court, bear "the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). As part of meeting that burden, Plaintiffs must establish that they suffered a "concrete, particularized and actual or imminent 'injury-in-fact.'" *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) ("a plaintiff seeking damages for the violation of a statutory right must not only plausibly allege the violation but must also plausibly allege a 'concrete' injury causally connected to the violation") (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)).

A defendant may raise two kinds of jurisdictional challenges under Rule 12(b)(1): A facial attack contends that the complaint fails, on its face, to adequately allege jurisdiction, while a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In resolving a factual attack, a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**B.**    **Constitutional Requirements For Standing**

To establish "the irreducible constitutional minimum" of standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. In a class action, named plaintiffs "'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Id*. at 1547 n.6 (citation omitted).

An "injury in law is not an injury in fact." *TransUnion*, 595 U.S. at 427. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Zellmer v. Facebook, Inc.*, No. 3:18-cv-01880-JD, 2022 WL 16924098, at *2 (N.D. Cal. Nov. 14, 2022) (emphasis in original), *aff'd sub nom. Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1127 (9th Cir. 2024) (affirming because evidence "on the record" failed to show that plaintiff had "been harmed in a particularized way"). "[B]are procedural violations" are insufficient to demonstrate Article III standing to sue. *Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019) (Chhabria, J.) (citing *Spokeo*, 136 S. Ct. at 1549).

**C.**    **Plaintiffs Have Not And Cannot Establish A Concrete Harm**

**1.**    **Plaintiffs Allege No Concrete Harm**

Plaintiffs do not allege they disclosed any information on their call to Patagonia or Zumiez that revealed anything sensitive or private. Plaintiff Lien allegedly "asked about Patagonia's store hours and events," and Plaintiff Seevers "asked about Zumiez's sneakers brands, specifically Vans, its store hours and what other items they may carry . . . ." Compl. ¶¶ 59-62, 69-72. Both Plaintiffs claim to have disclosed no personal information other than their phone numbers. *Id*. Their conclusory allegation that these calls were confidential—which no facts support—is not presumed true. *Id*. ¶¶ 61, 71; *Malibu Behavioral Health Servs. v. Magellan Healthcare, Inc.*, No. 2:20-cv-01731-ODW, 2020 WL 7646974 at *3 (C.D. Cal. Dec. 23, 2020) (under Rule 12(b)(1), "*Twombly* and *Iqbal* apply with equal force" and "a court need not blindly accept conclusory allegations,

unwarranted deductions of fact, and unreasonable inferences") (citing *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012)).

Under *TransUnion*, it is well established that Article III standing is not shown by simply alleging the elements of a CIPA claim without facts establishing an accompanying harm or injury. *Ramirez*, 594 U.S. 427; *see Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *3 (S.D. Cal. June 12, 2023) (rejecting contention that "any violation of CIPA necessarily constitutes an injury in fact without the need for an additional showing of harm"). In *TransUnion*, the Supreme Court "explained that for there to be a concrete harm, the alleged injury must bear 'a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts,' such as 'disclosure of private information' and 'intrusion upon seclusion.'" *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (quoting *TransUnion*, 594 U.S. 424-25).

Here, Plaintiffs' allegations of harm are entirely conclusory and implausible. Plaintiffs only allege that they have "been exposed to the risks and harmful conditions created by Talkdesk's violation of CIPA," Compl. ¶¶ 64, 74, but nowhere do they identify what those risks are, let alone how a risk of harm may materialize in the future from Patagonia and Zumiez's use of Talkdesk's software to provide basic customer support features. *Id*. ¶¶ 59-62, 69-72. Their conclusory allegations of exposure to "harmful conditions" are not presumed true. *Malibu Behavioral Health*, 2020 WL 7646974 at *3 ("[T]he pleading standards set forth in *Twombly* and *Iqbal* apply with equal force to Article III standing when it is being challenged on the face of the complaint."); *see Moore*, 2019 WL 2172706, at *1 ("The allegations identified by UPS—a reference to invaded 'privacy and statutory rights,' an unexplained reference to 'lost money or property,' and a request for 'restitution'—are insufficient to describe a concrete and particularized harm.").

It is not plausible Patagonia and Zumiez's use of Talkdesk's software to collect Plaintiffs' innocuous, commonplace inquiries to clothing companies' customer-service departments— inquiries that revealed no private or sensitive information about Plaintiffs—would expose them to present harm or a risk of future harm. "Allegations of possible future injury' are not sufficient" to show an Article III injury, and a "threatened injury must be certainly impending" to constitute

injury-in-fact. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (quotation marks and citation omitted). Plaintiffs allege no present impending harm. Nor do they allege that anything was collected with Talkdesk's software that could plausibly result in harm, such as financial information or sensitive personal information that could lead to identity theft. The mere use of customer service software to support a customer support interactions regarding store hours, events, and apparel offerings is not likely to lead to a future injury. *See, e.g.*, *Antman v. Uber Techs., Inc.*, No. 3:15-cv-01175-LB, 2015 WL 6123054 (N.D. Cal. Oct. 19, 2015) (holding risk of identity theft based on stolen data not "certainly impending" because the data included only name and driver's license number that could not be used to steal money or identity).

Plaintiffs have also not alleged any concrete harm that bears a close relationship to a substantive right of privacy. *Massie v. Gen. Motors LLC*, No. 21-787, 2022 WL 534468, at *3 (D. Del. Feb. 17, 2022) (dismissing CIPA claims because "Plaintiffs do not allege that any of their information collected by the [ ] software was personal or private within the common law understanding of a privacy right"). Plaintiffs do not allege that Talkdesk's software recorded any information of theirs that is remotely private or sensitive. Case law following *TransUnion* regarding similarly vague allegations of a privacy harm illustrates Plaintiffs' lack of standing here. *See, e.g.*, *Byars*, 2023 WL 2996686, at *3 (no standing where "Plaintiff does not allege that she disclosed any sensitive information to Defendant"); *Lightoller*, 2023 WL 3963823, at *4 ("Plaintiff alleges that she visited Defendant's website to 'obtain information on flight pricing.' . . . These allegations are insufficient to allege a concrete harm that bears a close relationship to the substantive right of privacy."); *In re BPS Direct, LLC*, 705 F. Supp. 3d 333, 353 (E.D. Pa. 2023) (holding plaintiffs "cannot establish standing because they did not purchase items on the websites or engage in activity prompting their browsers to send sensitive personal information such as banking or credit card information to Bass or Cabela's")

The collection of Plaintiffs' "basic contact information"—a phone number alone—is not enough for standing. *Mikulsky*, 682 F. Supp. 3d at 864 (no Article III standing to assert CIPA violations based on a third-party's alleged collection of plaintiff's personal information entered

into text fields on defendant's website). Even "if Plaintiff[s] disclosed [their] . . . *phone number*"
as they allege in the Complaint, "courts have found that type of information does not bear a close
relationship to harms traditionally recognized as providing a basis for lawsuits in American
courts." *Id.* (emphasis added) (a person's "email address or phone number" is not the type of
information that bears "a close relationship" to traditionally recognized harms); *see In re Zynga
Priv. Litig.*, 750 F.3d 1098, 1104, 1108 (9th Cir. 2014) (no "expectation of privacy" in "name,
address, and subscriber name or identity"); *see also Jayne v. Blunk*, 502 F. App'x 641, 642 (9th
Cir. 2012) ("[T]here is no reasonable expectation of privacy in the phone numbers dialed or from
which calls are received").

Plaintiffs' phone numbers and non-sensitive inquiries about store hours and apparel are the
sort of routine shopping information "designed to be exchanged to facilitate communication" and
"available through ordinary inquiry and observation," and are thus not sufficiently "private" to
confer standing. *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1040, 1049–50 (N.D. Cal. 2022)
(disclosure of "one's email address, *phone number*, or . . . username" inadequate to establish
Article III standing based on the "insufficient fit between the loss of information alleged here and
the common law privacy torts") (emphasis added).

Likewise, "shopping behavior" and information about "product preferences" is not
personal information. "This information is no different from what [defendant's] employees would
have been able to observe if [plaintiff] had gone into a brick-and-mortar store and began browsing
the inventory." *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 66 (W.D. Pa. Aug. 28, 2023)
(dismissing wiretapping claims based on use of software to record plaintiff's online interactions).
Plaintiffs "certainly do[n't] have a reasonable expectation of privacy in this kind of public
shopping behavior in the physical world, and [they] do[n't] have it in the digital world, either."
*Id.*; *see Lightoller*, 2023 WL 3963823, at *4 (no Article III standing based on software's collection
of "flight pricing information"); *Toston v. JetBlue Airways Corp.*, No. 2:23-cv-01156-SVW-E,
2023 U.S. Dist. LEXIS 148675, *6 (C.D. Cal. Aug. 23, 2023) (no standing where plaintiff alleges
that software recorded "how he interacted with the website to retrieve flight information and

8

prices").[1]

### 2.    Talkdesk's Software Was Used Solely To Benefit Patagonia And Zumiez

Even if Plaintiffs had alleged that they disclosed sensitive or private information on their calls to Patagonia or Zumiez (they did *not*), Plaintiffs cannot establish a concrete harm premised on Talkdesk's alleged use of their calls, because Talkdesk did not use their calls. Contrary to the allegations in the Complaint, Talkdesk does not use its customers' calls for its own benefit, including to improve or develop its products and services or to train its own AI models. Andrade Decl. ¶¶ 6, 7. Plaintiffs' conclusory allegations to the contrary are not assumed true. *See, e.g.*, Compl. ¶ 35 (alleging Talkdesk "used" calls whenever callers "reached out to Patagonia's or Zumiez's Contact Centers"); *Meyer*, 373 F.3d at 1039 (court need not presume the truthfulness of the plaintiff's allegations under a factual attack).

As shown in Talkdesk's declaration (Andrade Decl. ¶¶ 6, 7), its software's mere acquisition of Plaintiffs' telephone numbers and nonsensitive shopping inquiries—unaccompanied by *any* use or exploitation of Plaintiffs' communications by Talkdesk for its own purposes—cannot demonstrate a concrete harm sufficient to establish standing. *See Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL 3886811, at *4 (Cal. Super. Ct. July 09, 2024) ("Plaintiff fails to allege a concrete injury-in fact. . . . Plaintiff does not allege that Defendant is tracing Plaintiff's activities or is creating a digital fingerprint of Plaintiff" or that Defendant "packages and sells the information alleged in the [complaint] to third parties for advertising and marketing purposes."); *see also Raw Story Media, Inc. v. OpenAI, Inc.*, No. 24 CIV. 01514, 2024 WL 4711729, at *4 (S.D.N.Y. Nov. 7, 2024) (allegations that Plaintiffs' copyrighted information was "used to train [defendants'] AI-software program and remain in [defendants'] repository" failed to establish

---

[1]    *See Hernandez v. Noom, Inc.*, No. 1:23-CV-00641-JRR, 2023 WL 8934019, at *6 (D. Md. Dec. 27, 2023) ("Plaintiff does not provide any authority to support the conclusion that establishing a violation of privacy-protective statutes such as [Maryland's CIPA analogue] are sufficient to establish a concrete, albeit intangible, injury to privacy sufficient to confer standing under Article III."); *Adams v. PSP Grp., LLC*, No. 4:22-CV-1210 RLW, 2023 WL 5951784, at *7-8 (E.D. Mo. Sept. 13, 2023) (plaintiff's harm "not closely related to the harm upon which [ ] intrusion of seclusion is based."); *Straubmuller v. Jetblue Airways Corp.*, No. CV DKC 23-384, 2023 WL 5671615, at *3 (D. Md. Sept. 1, 2023) (same).

Article III standing because "Plaintiffs have not alleged any *actual* adverse effects stemming" from the alleged use of their information) (emphasis in original)).

Because Plaintiffs cannot show that they have "been harmed in a particularized way," they have no Article III standing. *Zellmer*, 104 F.4th at 1127.

## IV.    PLAINTIFFS FAIL TO STATE A CLAIM

### A.    Standards For Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts showing that his or her right to relief rises above "the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To do so, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clark v. Cal. Dep't of Forestry & Fire Prot.*, 212 F. Supp. 3d 808, 811 (N.D. Cal. 2016) (quotation omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that are "no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678–79 (2009); *see In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not presumed true). Where facts are accepted as true, a plaintiff may plead herself out of court if she pleads facts that establish that she cannot prevail on her claim. *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

### B.    Plaintiffs Fail To State A Claim Under CIPA Section 631

Section 631 of CIPA makes actionable "three distinct" "patterns of conduct: [1] intentional wiretapping, [2] willfully attempting to learn the contents or meaning of a communication in transit over a wire, and [3] attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021). None of this conduct is plausibly alleged here.

#### 1.    Plaintiffs' Section 631(a) Claim Fails Because Talkdesk's Software Is Not a Third Party to Plaintiffs' Alleged Communications with Patagonia or Zumiez

Plaintiffs' Section 631(a) claim is precluded by CIPA's party exemption. Under CIPA

Section 631, only a third-party can be liable for wiretapping or eavesdropping as a matter of law because "[p]arties to a conversation cannot eavesdrop on their own conversation." *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1068 (C.D. Cal. 2023); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021); *see also Powell v. Union Pac. R.R. Co.*, 864 F. Supp. 2d 949, 955 (E.D. Cal. 2012) ("Published cases are in accord that section 631 applies only to third parties and not participants."). Here, Plaintiffs allege that Talkdesk provides software to Patagonia and Zumiez—parties to Plaintiffs' claims—which software Patagonia and Zumiez use to aid their own recording of the communication. *E.g.*, Compl. ¶49. This is not a wiretap.

Graham v. Noom demonstrates why dismissal is appropriate here. *Id.* at 831. There, plaintiffs alleged defendant's website operator used software supplied by a third-party vendor on its website to capture plaintiffs' data, which was then stored "in the cloud on [third-party vendor]'s servers," and made available to "the client to analyze their data." *Id.* Plaintiffs alleged that this constituted eavesdropping in violation of Section 631 because the vendor was not a party to the conversations. *Id.* at 831. The *Graham* court rejected this argument and concluded a third-party vendor did not violate CIPA where it merely "provide[d] a software service that captures its clients' data . . . and allow[ed] the clients to analyze their data" but had not "intercepted and used the data itself." *Id.* at 832. Instead, the software provider operated as "an extension of" the website operator, offering "a tool . . . that allows [the party] to record and analyze its own data." *Id.*

Following *Graham*, this Court has dismissed CIPA claims based on *Graham*'s same reasoning. *See, e.g.*, *Love v. Ladder Fin., Inc.*, 2024 WL 2104497, at *1 (N.D. Cal. May 8, 2024) (Chhabria, J.) (dismissing claim under Section 631 where "plaintiffs have only alleged that FullStory provides a tool that allows Ladder to record, track, and analyze the interactions that users have with its own site."). Numerous courts in this district have ruled the same. *See Yale v. Clicktale, Inc.*, No. 20-CV-07575-LB, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) ("Clicktale is not a third-party eavesdropper. It is a vendor that provides a software service that allows its clients to monitor their website traffic."); *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *3 (N.D. Cal. Dec. 22, 2022) (holding software provider's "software was merely

11

a tool that [party to communication] used to record its own communications with plaintiff"); *Byars*, 656 F. Supp. 3d at 1068 ("Defendant uses a third-party vendor to record and analyze its own data in aid of [Defendant's] business, not the aggregation of data for resale, which makes the third-party an extension of Defendant's website, not a third-party eavesdropper.").

As in *Graham*, *Love*, and their progeny, Plaintiffs allege that Talkdesk's software merely provided "a tool . . . that allows [Patagonia and Zumiez] to record and analyze its own data in aid of [Patagonia's and Zumiez's] business[es]," which is not a wiretap under California law. *Graham*, 533 F. Supp. 3d at 832; *Love,* 2024 WL 2104497, at *2 (allegation that software provider "records and stores for [website's] own use information that users have voluntarily shared with [website] . . . is not the kind of privacy intrusion that California's constitution bars."). Plaintiffs allege that Talkdesk's software merely allows "[Patagonia and Zumiez] to record [their] own communications with [Plaintiffs]." *Id.*; Compl. ¶¶ 2, 21-23, 33, 36-38, 40, 41. Plaintiffs admit that Talkdesk's software was used by Patagonia and Zumiez to help them "'stay on top of customer issues,' and "assist[] agents with transcriptions and responses." *Id.* ¶¶ 33, 36. Case law is clear that these allegations establish that Talkdesk's software was operating simply as a tool, which CIPA does not prohibit Patagonia and Zumiez from using. *E.g.*, *James v. Allstate Ins. Co.,* No. 3:23-CV-01931-JSC, 2023 WL 8879246, at *3 (N.D. Cal. Dec. 22, 2023) (dismissing Section 631 claim because it "does not cover a software company that merely recorded the communication for retrieval by a party to the same communication").

Plaintiffs attempt to dodge the party exception with conclusory allegations describing Talkdesk's software as a "separate and distinct third-party entity from the parties to these conversations." Compl. ¶¶ 46, 49. These conclusory allegations are not presumed true. *Iqbal*, 556 U.S. at 678–79. Even accepting Plaintiffs' legal conclusion that Talkdesk's software "records, transcribes, reads, learns and analyze[s] all customer interactions," Plaintiffs do not plead that the software did so for any other purpose other than to "help Talkdesk's business customers"—here, Patagonia and Zumiez. *Id.* ¶ 21. Courts have rejected conclusory allegations like Plaintiffs' here where "the facts as pled show that [CX Cloud software] functioned as a recorder, and not as an

eavesdropper." *Williams*, 2022 WL 17869275, at *3 (granting motion to dismiss Section 631 claim because a third-party vendor "is not liable for wiretapping under Section 631(a) for providing a software tool, and the fact that [the defendant] used software rather than a physical recording device for the same function does not mean that it aided and abetted wiretapping."); *Byars*, 656 F. Supp. 3d at 1067 (dismissing Section 631 claim where there "are no facts that the third party vendor 'affirmatively engages with that data in any way other than to store it'").

### 2. Plaintiffs' Allegations Of An Interception Are Conclusory

To allege that Talkdesk violated Section 631(a)'s second clause, Plaintiffs must plead facts that show Talkdesk's software "reads, or attempts to read, or to learn the contents or meaning" of a message while it "is in transit or passing over any wire, line, or cable." Cal. Penal Code § 631(a); *Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020). Plaintiffs' conclusory allegations that "Defendant willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of the Plaintiffs and members of the Class, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California" are simply a recitation of the elements of the statute and not entitled to a presumption of truth. Compl. ¶ 91; *Twombly*, 550 U.S. at 570; *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 834 (9th Cir. 2012) ("[C]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss."). These types of allegations are insufficient to support Plaintiffs' claim under Section 631. *See James* 2023 WL 8879246, at *3 (rejecting plaintiff's allegations that software provider "recorded the data and stores it on its servers" and that "this data is stored or can be accessed by [software provider]" because such conclusory allegations are "insufficient to support a plausible interference [software provider] attempted to read or learn the contents of the communication while in transit . . . Plaintiff's Section 631(a) claim is therefore dismissed in its entirety.").

Plaintiffs' allegations "must provide more than conclusory allegations that messages were intercepted 'during transmission and in real time.'" *Licea v. American Eagle Outfitters*, 659 F.

Supp. 3d 1072, 1085 (C.D. Cal. 2023) (holding plaintiff "does not adequately plead that Defendant or the third party intercepted Plaintiffs' messages in transit" because plaintiff "does not allege sufficient facts as to *how* and *when* the third party receives the communications"). "Courts have found that similarly conclusory allegations fail to support a claim under § 631(a)." *Swarts v. Home Depot, Inc.,* 689 F. Supp. 3d 732, 746 (N.D. Cal. 2023) ("[P]laintiffs' conclusory "allegation[s] do[] not dispel the notion that [software provider] receives the information "*after* the chat reaches [defendant].") (emphasis added); *Cody v. Ring LLC*, 2024 WL 735667, at *5 (N.D. Cal. Feb. 22, 2024) ("[Plaintiff]'s conclusory allegations restating the pleading requirement of real-time interception . . . fail to explain how the software works or how the interception occurs."). Plaintiffs' conclusory allegations that "Talkdesk itself is collecting the content of any conversation before that data is provided to any entity that was a party to the conversation (like Patagonia or Zumiez)" is, again, not presumed true. Compl. ¶ 46; *e.g.*, *Adler v. Community.com, Inc.,* No. 2:21-CV-02416-SB-JPR, 2021 WL 4805435, at *4 (C.D. Cal. Aug. 2, 2021) ("[T]here may be allegations that Defendant accessed the communications before they 'actually reached their celebrity clients' . . . But there is no plausible allegation that Defendant acted to learn the contents of the messages while they were, in a technical sense, in transit or in the process of being received.").

### 3.    Plaintiffs Fail To Allege Talkdesk's Willful Intent

The first and second clauses of CIPA § 631(a) require non-conclusory allegations of Talkdesk's intent or willfulness. Cal. Penal Code § 631. Plaintiffs' allegations of intent and willfulness here are wholly conclusory and fail to state a claim. *See, e.g.*, Compl. ¶ 91 ("Defendant willfully and without the consent of all parties to the communication . . . attempted to read or learn the contents or meaning of electronic communications.").

Plaintiffs' allegations of intent arise from Talkdesk's provision of software to Patagonia and Zumiez (Compl. ¶¶ 38, 90, 91, 93), which does not, on its own, evidence the requisite willful intent CIPA § 631 requires. *Iqbal*, 556 U.S. at 678. Not only are these conclusory allegations of intent not presumed true, they are belied by Talkdesk's Privacy Notice that is incorporated by reference into the Complaint. "When Talkdesk processes information on behalf of a customer [like Patagonia and

Zumiez], all data subject rights must be addressed directly to the customer. . . . Talkdesk only uses data to provide the service agreed and according to customer instructions . . . . ***Talkdesk restricts the collection of the information to the minimum amount required to provide its services*** and it will be processed according to the purposes for which it was collected . . . Talkdesk does not use or process personal data for other purposes and does not sell and does not allow its sub-processors to sell personal information . . . Therefore, the information that is collected by Talkdesk's customers when using Talkdesk's products is under customer's responsibility . . . ." RJN, Ex. 1 at 12.

This Court held in *Doe I* that similar disclosures from a vendor (Google) showing it did not want to receive private information was fatal because CIPA "only extends to willful or intentional conduct." 2024 WL 3490744, at *6. As in *Doe I*, Talkdesk's Privacy Notice shows its software is only used as directed by its customers, Patagonia and Zumiez. RJN, Ex. 1, at 12-15. Thus, "the [C]omplaint and incorporated materials stand for the proposition that [Talkdesk] does not want to receive" Plaintiffs' communications without their consent—since the purpose and use of its software is controlled by its customers. *Doe I*, 2024 WL 390744, at *6. Plaintiffs have, therefore, failed to plausibly allege the intent necessary to state a claim under CIPA § 631.

### 4.    Plaintiffs Cannot State A Claim Under The Third Clause Of Section 631

To bring a claim under the third category of conduct prohibited by Section 631(a)—the use of communications unlawfully obtained—Plaintiffs must first allege a plausible claim for wiretapping or attempted wiretapping, which they do not do here. *Martin*, 2023 WL 2717636, at *11 ("Because the Court concludes that Plaintiff has failed to state a claim under either the first or second clause of § 631(a), Plaintiff's claim for violations of § 631(a) under the third clause also fails."). "Plaintiffs must establish that the information at issue . . . was obtained through a violation of the first or second clauses [of § 631(a)], [b]ecause Plaintiffs have not done so, they also have failed to plead a violation of the third clause of § 631(a)." *In re Google Assistant Priv. Litig.,* 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020); *see Mastel,* 549 F. Supp. 3d at 1137 (same).

## V.    <u>CONCLUSION</u>

Talkdesk respectfully requests that the Court dismiss the Complaint and deny leave to amend.

DATED: November 18, 2024          Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Rebekah Guyon*
Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

*Attorneys for Defendant Talkdesk, Inc.*