**GREENBERG TRAURIG, LLP**
Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
Adam M. Korn (SBN 333270)
*Adam.Korn@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Attorneys for Defendant
Talkdesk, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

REBEKKA LIEN and JAKE SEEVERS, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

TALKDESK, INC.,

*Defendant*.

CASE NO.: 3:24-cv-06467-VC

Assigned to Hon. Vince Chhabria

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TALKDESK, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT**

Action Filed: September 13, 2024

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to Federal Rule of Evidence ("Rule") 201, Defendant Talkdesk, Inc. ("Talkdesk") hereby respectfully requests that the Court take judicial notice of the following materials in support of its Motion to Dismiss Plaintiffs' Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion"), filed concurrently herewith.

1. A copy of Talkdesk's current Privacy Notice in effect since March 31, 2023, attached as **Exhibit 1** to the Declaration of Rebekah S. Guyon in support of Talkdesk's Request for Judicial Notice in support of the Motion ("Guyon Declaration").

## MEMORANDUM OF POINTS AND AUTHORITIES.

## I. LEGAL STANDARD

When ruling on a motion to dismiss, a court can consider materials beyond those alleged on the face of the complaint without converting the motion into one for summary judgment when the materials are "incorporated by reference in the complaint or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### A. Incorporation By Reference

The Court may consider a document under the "incorporation by reference" doctrine where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (recognizing incorporation by reference doctrine "applies with equal force to internet pages as it does to printed material"). This doctrine "treats certain documents as though they are part of the complaint itself" and prevents plaintiffs from selecting only portions of a document to support their claims while omitting the weaker portions of the same document. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 837-38 (N.D. Cal. 2000) ("[T]he court may consider the full text of a document the complaint quotes only in part.").

### B. Judicial Notice

Courts may also judicially notice matters "not subject to reasonable dispute" because they are (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[M]atters of public record," including publicly accessible websites, are not subject to reasonable dispute. *Khoja*, 899 F.3d at 999; *see Daniels-Hall v. Nat. Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010). Judicial notice of websites and their contents is typically proper if the requesting party provides the court with a copy of the specific web pages. *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (holding a court may take judicial notice of "publicly accessible websites whose accuracy and authenticity is not subject to dispute"); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of web pages).

Indeed, it is "common for courts to take judicial notice of a company's historical privacy policies." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (taking judicial notice of three versions of Facebook's data policy which were in effect during the time period covered by plaintiffs' allegations); *see also Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (holding archived versions of privacy policies as well as Google's website were proper subjects of judicial notice).

## II. THE COURT SHOULD CONSIDER EXHIBIT 1 TO THE GUYON DECLARATION WHEN RULING ON TALKDESK'S MOTION TO DISMISS

Exhibit 1 should be considered under the doctrine of incorporation by reference because Plaintiffs refer to the Talkdesk Privacy Notice throughout the Complaint (Comp. ¶¶ 47, 48) and expressly rely on this policy to advance their claims. *See id.* ¶ 47 (quoting Talkdesk Privacy Notice to support allegation that "Talkdesk provides a cloud service and acts on behalf of its customers"); *see also id.* ¶ 48 ("Likewise, in its Privacy [Notice], Talkdesk admits that it "may keep anonymized information … for longer periods for analysis of how service is used and for the improvement of it."); *Khoja*, 899 F.3d at 1002. ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."). Because Plaintiffs have alleged their sole cause of action is premised on the Talkdesk Privacy Notice, this Exhibit is incorporated by reference. *See e.g., Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (incorporating ride-sharing company's terms of service and privacy policy on motion to dismiss because plaintiff's "claim necessarily depends on the application of [defendant's] policies" for issue of consent); *Knievel,* 393 F. 3d 1076 (On a motion to dismiss, the "'incorporation by reference' doctrine . . . permits us

to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'").

Further, the Court can and should take judicial notice of Exhibit 1 because it is a publicly available webpage whose contents are not subject to reasonable dispute. *See Perkins*, 53 F. Supp. 3d at 1205. Indeed, courts in this district routinely take judicial notice of privacy policies. *See, e.g., Matera,* 2016 WL 8200619, at *5; *In re Facebook,* 477 F. Supp. 3d at 1009.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Talkdesk respectfully requests that the Court incorporate by reference or take judicial notice of Exhibit 1 to the Guyon Declaration.

Dated: November 18, 2024

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By *<u>/s/ Rebekah S. Guyon</u>*
Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700
*Attorneys for Defendant Talkdesk, Inc.*