**GREENBERG TRAURIG, LLP**
Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
Adam M. Korn (SBN 333270)
*Adam.Korn@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Attorneys for Defendant
Talkdesk, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REBEKKA LIEN and JAKE SEEVERS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TALKDESK, INC.,<br><br>*Defendant*. | CASE NO. 3:24-cv-06467-VC<br><br>Assigned to Hon. Vince Chhabria<br><br>**DEFENDANT TALKDESK, INC.'S OBJECTION AND RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Hearing Date: January 23, 2025<br>Time: 10:00 a.m.<br><br>Action Filed: September 13, 2024 |

On February 10, 2025, Plaintiffs Rebekka Lien and Jake Seevers ("Plaintiffs") submitted a Notice of Supplemental Authority ("Notice") (ECF No. 31) attaching the recent decision on the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.* ("CIPA") entitled *Ambriz v. Google, LLC.*, Case No. 3:23-cv-5437 [ECF No. 56] (N.D. Cal. Feb. 10, 2025). Plaintiffs submitted *Ambriz* in connection with Defendant Talkdesk, Inc.'s ("Talkdesk") Motion to Dismiss the Complaint ("Motion") (ECF No. 11). Pursuant to Civil Local Rule 7-3(d), Talkdesk objects to the Notice. If the Court considers the Notice in connection with the Motion, Talkdesk respectfully requests that the Court consider its response to the Notice contained herein.

The Notice is untimely and should be rejected by the Court. Civ. L.R. 7-3(d)(2) ("*Before the noticed hearing date*, counsel may bring to the Court's attention a relevant judicial opinion . . . .") (emphasis added). As Plaintiffs acknowledge, the January 23, 2025 noticed hearing date on Talkdesk's Motion has since passed. *See* Not. at 1 n.1.

If the Court declines to strike Plaintiffs' untimely Notice, Talkdesk requests that the Court consider the following grounds upon which the *Ambriz* decision is irrelevant to the Motion.

*First*, *Ambriz* did address whether a vendor's mere acquisition of routine and nonsensitive customer-support inquiries—even if alleged to violate CIPA—is enough to show an Article III injury. *See* Mot. at 5-9 (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 440 (2021) (a "bare procedural violation, divorced from any concrete harm . . . does not suffice for Article III standing") (quotation marks and citation omitted)); Reply at 1-5 (ECF No. 27) (citing *Doe I v. Google LLC*, No. 23-CV-02431, 2023 WL 6882766, at *3 (N.D. Cal. Oct. 18, 2023) (Chhabria, J.) ("Given the absence of evidence that [defendant] is using the [] information for its own purposes, the plaintiffs have not shown that they . . . suffer in any significant way[.]")). Here, Plaintiffs' allegations arise from Talkdesk's allegedly "unlawful collection and retention of records alone," which does not give rise to standing. *Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 995 (9th Cir. 2023); *see* Declaration of Pedro Andrade (ECF No. 11-1) ¶¶ 5-7.

*Second*, this Court has already rejected *Ambriz*'s interpretation of whether a vendor's software is an unlawful eavesdropper under CIPA. Ambriz determined that a vendor's software is an unlawful eavesdropper if it has the "capability to use user data to its benefit, regardless of whether or not it actually did so." *Ambriz* at 5. This Court has held to the contrary. *E.g.*, Talkdesk's Reply in Support of Motion to Dismiss at 5 (ECF No. 27) (citing *Love v. Ladder Fin., Inc.*, 2024 WL 2104497, at *1 (N.D. Cal. May 8, 2024) (Chhabria, J.)

(dismissing claim under Section 631 where "plaintiffs have only alleged that FullStory provides a tool that allows Ladder to record, track, and analyze the interactions that users have with its own site")). But even under the interpretation of CIPA adopted in *Ambriz*, Talkdesk's software is still not an unlawful eavesdropper. *Ambriz* at 5-6. Talkdesk's software only collects data from individuals "to provide the service agreed and according to customer instructions," and it does not "use or process personal data for other purposes . . . ." Request for Judicial Notice, Ex. 1 at 12 (ECF Nos. 12, 12-1); *see* Talkdesk's Reply in Support of Motion to Dismiss at 8-9

*Third*, *Ambriz* does not address Talkdesk's grounds for dismissal based on Plaintiffs' conclusory "in transit" allegations here. In *Ambriz*, the court found that "Google attempt[ed] to draw an artificial distinction between [Google] itself and GCCAI [Google's software]" to show that only Google's *software*—but not Google *personally*—"learn[ed]" or "read [plaintiffs'] communication in transit." *Ambriz* at 7. Here, Talkdesk showed that Plaintiffs' allegations of an interception in transit are wholly conclusory, which requires dismissal of Plaintiffs' CIPA claim. *See* Mot. at 13-14 (citing, *e.g.*, *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1001 (N.D. Cal. 2024) ("[Plaintiff]'s conclusory allegations restating the pleading requirement of real-time interception . . . fail to explain how the software works or how the interception occurs.")).

For these reasons, Plaintiffs' Notice should be stricken. If not stricken, Talkdesk respectfully requests that the Court consider its brief response to the Notice set forth above.

DATED: February 13, 2025

Respectfully submitted,

GREENBERG TRAURIG, LLP

*_/s/ Rebekah S. Guyon_*
Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

*Attorneys for Defendant Talkdesk, Inc.*