UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKKA LIEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TALKDESK, INC.,<br><br>　　　　Defendant. | Case No.  24-cv-06467-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

　　　　The motion to dismiss is granted because the plaintiffs have not alleged a concrete injury sufficient to establish Article III standing. The plaintiffs say they were harmed because Talkdesk infringed their interests in controlling their personal, private information. *See In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 598 (9th Cir. 2020). But whether that interest is infringed depends on whether the information at issue is actually personal and private. *See, e.g.*, *Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 6609351, at *3 (N.D. Cal. Oct. 10, 2023). Moreover, the asserted injury must bear a "close relationship" to a "harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 432 (2021). The plaintiffs do not meaningfully attempt to satisfy this requirement, but the best common law analog for their asserted harm is that addressed by intrusion upon seclusion. That tort allows a plaintiff to sue someone who intruded into their private affairs "in a manner highly offensive to a reasonable person." *Valenzuela*, 2023 WL 6609351, at *3. So determining whether there is a concrete injury in a case like this requires consideration of the "nature of the [allegedly intercepted] information." *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023).

The information allegedly intercepted by Talkdesk—the plaintiffs' phone numbers and questions they asked about store hours, events, and products carried by the retailers—is simply not private or personal enough to confer standing where each plaintiff alleges only that it was collected from one call made to one retailer. *See, e.g.*, *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022); *Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *4–5 (S.D. Cal. June 12, 2023); *Jones v. Bloomingdales.com*, 124 F.4th 535, 538–40 (8th Cir. 2024); *cf. In re Facebook, Inc., Consumer Privacy User Profile Litigation*, 402 F. Supp. 3d 767, 784–87 (N.D. Cal. 2019); *but see James v. Walt Disney Co.*, 701 F. Supp. 3d 942, 952 (N.D. Cal. 2023).[1]

Because there is no way that the plaintiffs' asserted harm could constitute a concrete injury sufficient for Article III standing, the case is dismissed without leave to amend (but without prejudice to refiling it in state court).

**IT IS SO ORDERED.**

Dated: February 19, 2025

_____
VINCE CHHABRIA
United States District Judge

---

[1] This is not to say that a plaintiff would necessarily lack standing where this same sort of information was collected from many communications with one store, or where the information was collected from a plaintiff's communications with multiple stores and aggregated. *See Lineberry v. AddShopper, Inc.*, No. 23-cv-1996 (N.D. Cal. Feb. 19, 2025). Furthermore, there is arguably an even weaker expectation of privacy in phone calls to live humans than in web browsing. *Cf. Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 66 (W.D. Pa. 2023).